TEXAS EASTERN TRANSMISSION CORPORATION, Petitioner,

v.

FEDERAL POWER COMMISSION, Respondent,

Public Service Commission of the State of New York and Rhode Island Consumers' Council et al., Intervenors.

No. 74–1346.

United States Court of Appeals, District of Columbia Circuit.

Argued June 11, 1975.

Decided Aug. 21, 1975.

Rehearing Denied Sept. 19, 1975.

J. Evans Attwell, Houston, Tex., with whom Henry S. May, Jr., Houston, Tex., was on the brief for petitioner.

Steven A. Taube, Atty., F. P. C., for respondent. Drexel D. Journey, Acting Gen. Counsel, F. P. C., George W. McHenry, Jr., Sol., and Arthur E. Gowran, Atty., F. P. C., were on the brief for respondent.

Richard A. Solomon, Washington, D. C., with whom Peter H. Schiff, Albany, N. Y., was on the brief for intervenor, Public Service Commission of the State of New York.

Dennis J. Roberts, II, Providence, R. I., was on the brief for intervenors, Rhode Island Consumers' Council and Division of Public Utilities and Carriers of the State of Rhode Island.

Before LEVENTHAL *and* ROBB, *Circuit Judges,* and MERHIGE,* *United States District Judge* for the Eastern District of Virginia.

*PER CURIAM:*

Texas Eastern Transmission Corp. challenges the refusal of the Federal Power Commission to allow rate increases that would track advance payments made by a subsidiary of Texas Eastern (and reimbursed by the parent company) for exploration in Canada. It also contests the FPC's removal of the advances from the rate base and its order requir-

* Sitting by designation pursuant to 28 U.S.C. § 292(d).

ing refund of related increases that have already been collected.

Although the opinions of the FPC are confusing in certain respects, we are able to discern the main path, and to affirm its result.

■ (1) Since Texas Eastern entered into its agreement with Mobil Oil Company Canada, Ltd., prior to the issuance of the first FPC order on the treatment of advance payments, it cannot stake out a claim of reliance on the policy statements of the Commission. The FPC concludes that its initial opinions on rate base treatment of advance payments—Nos. 410, 410–A, and 441—were not applicable to payments for explorations outside the lower forty-eight states. Certainly the regulations did not expressly so apply; the Commission has subsequently instituted a separate rule-making proceeding for adopting guidelines for exploration in North America but outside the lower forty-eight states.

■ (2) We have considered Texas Eastern's claim of discrimination. The FPC ruling in Northern Natural Gas Co., 51 F.P.C. 48 (1974), came after the ruling in *Texas Eastern.* There are significant

factual distinctions between the cases: In *Northern Natural* the FPC stressed that the pipeline's United States customers would have the benefit of a credit to cost-of-service for all profits received by Northern Natural from its Canadian explorations. That factor was "important," according to the FPC, although its March 1974 opinion denying reconsideration in *Texas Eastern* states that an even more paramount factor was that, as early as 1972, Northern Natural had obtained Canadian approval for the transportation of gas through Canada from Montana, and, subsequently, advance FPC approval for the entire exploration project.** We are loathe on this record to sustain a claim of invidious discrimination.

(3) Texas Eastern also urges that the ruling of the FPC be made prospective only, and not be applied to require the refund of payments made before the Canadian payments became "unreasonable." In essence, this presents the same considerations as those raised in Texas Eastern's first contention, and must be rejected for the same reasons.

*Affirmed.*

---

** We are not unaware that the FPC made a leap from Canadian approval of part of a project. But still more of a leap would be required for Texas Eastern's project, which lacks any Canadian approval, and which must extrapolate from past instances of approval of projects in Western Canada to a new concep-

tion in the heavy-demand East. The FPC could not unreasonably proceed on the assumption that the Texas Eastern interests were prepared to make the investment even assuming permission to export from Canada would not be forthcoming.